REICHARDT, Appellant, vs. ALLIS-CHALMERS MANUFAC-
TURING COMPANY, Respondent.

*October 14—November 9, 1926.*

*Appeal: Findings of court: Sufficiency.*

Findings of fact in an action to abate a nuisance and for dam-
ages are *held* sustained by the evidence.

APPEAL from a judgment of the circuit court for Milwau-
kee county: CHESTER A. FOWLER, Judge. *Affirmed.*

Action to abate a nuisance and for damages. The sub-
stance of plaintiff's complaint is that he is a resident of
Johnson's Woods near West Allis, Wisconsin; that his
premises lie on a lower level than those of the defendant, and
that the defendant has unlawfully discharged from its boil-
ers, utensils, pools, and receptacles effluents in excess of
100,000 gallons per day, and that such effluents have been
highly impregnated with refuse oil, sewage, sludges, and
various other noxious ingredients; that by reason thereof
plaintiff's premises have been flooded at times; rendered
practically unfit for habitation, and his well has been made
unfit for domestic use and the soil rendered unfit for garden-
ing.

The defendant's answer is a general denial, and alleges in
addition that it has discharged its effluent into a natural
watercourse known as Johnson's creek that flows adjacent
to plaintiff's property; that the reason plaintiff has suffered
damages from polluted water has been due to natural causes
and the pollution caused by the inhabitants residing on or
around Johnson's creek and its tributaries; that defendant's
effluent is sanitary and harmless; that it has not caused any
flooding of Johnson's creek, and that it has constantly for
more than twenty years used the stream in substantially the
same manner and to the same extent it is now using it. It

further alleges that the addition of the effluent from defendant's plant is beneficial to the plaintiff and the inhabitants along Johnson's creek because it is practically pure and its discharge into Johnson's creek dilutes the pollution therein contained and renders plaintiff's premises more sanitary than they otherwise would be; that it retains the surface water in case of heavy rainfalls and discharges it gradually, thus lessening the liability of plaintiff's premises to floods; and that whatever damage from floods plaintiff has suffered has been due to the partial damming up of Johnson's creek by residents adjacent to it.

The court found the facts substantially as claimed by the defendant and entered a judgment dismissing the complaint upon the merits. Plaintiff appealed.

For the appellant there was a brief signed by *W. B. Rubin* and *H. W. Hartwig,* of counsel, and oral argument by *Mr. Rubin* and *Mr. Hartwig,* both of Milwaukee.

For the respondent there was a brief by *Quarles, Spence & Quarles* and *Harold W. Story,* attorneys, and *J. V. Quarles,* of counsel, all of Milwaukee, and oral argument by *Mr. J. V. Quarles* and *Mr. Story.*

VINJE, C. J. The appeal presents only issues of fact, and the evidence so clearly sustains the findings of the trial court that it would be of no benefit to the legal profession to set out even a synopsis thereof.

*By the Court.*—Judgment affirmed.